In re Karl Perry DEMAREE, Christine Elizabeth Demaree, Debtors.

CLACKAMAS COUNTY BANK, a corporate banking association, Plaintiff,

v.

Karl Perry DEMAREE, Christine Elizabeth Demaree, Defendants.

Bankruptcy No. 381–02828.

Adv. No. 81–0672.

United States Bankruptcy Court, D. Oregon.

Jan. 20, 1982.

Elizabeth L. Perris, Portland, Or., for plaintiff.

Eugene I. Fulop, Portland, Or., for defendants.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The plaintiff's complaint seeks an order of the court that the provisions of the co-debtor stay provided in 11 U.S.C. § 1301(a) are inapplicable to the liability to the plaintiff on the part of Margaret P. and Elmer L. Mayfield.

Undisputed evidence showed that on January 20, 1977 the plaintiff loaned to the Mayfields the sum of $8,000. A promissory note signed by the Mayfields was given to evidence the loan and a collateral agreement was also executed by them pledging shares of stock owned by them as security for the loan. At the direction of the Mayfields the proceeds of the loan were deposited to an account in the name of Karl P. Demaree, one of the defendants herein. The greater portion of these funds were then expended in payment of business expenses of Demaree and a smaller portion for personal expenses of Demaree. Thereafter Demaree executed and furnished to the bank a guaranty of the loan. Later the defendants filed herein a petition for relief under chapter 13 of title 11 U.S.C., which petition gave rise to this chapter 13 case. The debtors have filed a plan under which it was intended that the full balance due the bank upon the loan of January 20, 1977 would be paid by the trustee during the term of the plan. Since Demaree received all of the proceeds of the loan, in practical effect he is the principal borrower and the Mayfields are the guarantors of the loan.

In so far as relevant to this case 11 U.S.C. § 1301 provides that "a creditor may not act, or commence or continue any civil action, to collect all or any part of a *consumer debt* of the debtor from an individual that is liable on such debt with the debtor, or that secured such debt", until the case is closed, dismissed or converted to a case under chapter 7 or 11 of title 11. (Emphasis supplied)

The question in this case is whether the loan of January 20, 1977 was a "consumer debt". If it was not a consumer debt then the automatic stay provided by § 1301 is not applicable to remedies of the bank against the Mayfields.

11 U.S.C. § 101(7) provides that "'consumer debt' means debt incurred by an

individual primarily for a personal, family, or household purpose".

The witnesses agreed that at the time of the making of the loan the bank was informed that the principal purpose of the loan was to obtain funds for use in the business then being conducted by Demaree. There was a dispute in the testimony however as to whether the bank was informed that some of the funds would also be used to pay personal obligations of Demaree. Mrs. Mayfield testified that she so informed Mr. Hall, the bank officer with whom she had contact in obtaining the loan. Mr. Hall denied having been so informed. It is not necessary for the court to determine this factual matter since § 1301 is applicable only to a consumer debt, since § 101(7) defines a consumer debt as one incurred *primarily* for a personal, family, or household purpose, since it is admitted by Mayfield that the primary reason for the loan was for a business purpose, and since the funds were, in fact, primarily used for business purposes. As a result of these facts which were admitted by Mrs. Mayfield it is clear that the co-debtor stay is not applicable to the balance due upon the loan of January 20, 1977 nor to any later renewal of this obligation.